IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DRAGAN VIDOVIC, *et al.*, | ) | CASE NO. 1:10 CV 1833 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| MENTOR PUBLIC SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, *et al.*, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended Complaint, (ECF #16), and Plaintiff's Motion for Sanctions, (ECF #17). Plaintiffs seek leave to amend their Complaint to add one count listing a violation of the Fourteenth Amendment to the U.S. Constitution and one count alleging a violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), for discrimination on the basis of national origin. Plaintiff argues that these claims are based on the factual allegations contained in the original Complaint which claim that Sladjana Vidovic was bullied, teased, and harassed based on her nationality. In addition Plaintiffs seek leave to add one count of spoilation of evidence under state law based on newly discovered evidence that suggests documents relating to this litigation may have been improperly destroyed. The Amended Complaint would also add a defendant, Pam Gross, charging her with deliberate indifference to the alleged constitutional and statutory violations,

and seeking to hold her responsible, at least in part, for the alleged spoilation of evidence.

Defendants oppose the Plaintiffs' Motion to Amend arguing that no good cause exists for the changes; that the request is untimely; that they would be prejudiced by the proposed amendment; and, that the spoilation amendment would be futile because it could not survive a motion to dismiss.    The spoilation claim could not have been brought prior to Ms. Goss's deposition, as this is first time the parties became aware that relevant documents may have been improperly destroyed.  Based on the information currently before the Court, it is not clear that such a claim could not survive a motion to dismiss, and the information underlying the claim was only recently discovered.  Therefore, there is good cause shown to allow the amendment of the Complaint.  Further, because Ms. Goss was allegedly the one who destroyed the potentially relevant documents, it is appropriate to add her as a defendant at this time.  Any prejudice that may result to the Defendants from her addition to the case is outweighed by the Plaintiffs' interest in fully prosecuting their potential claims.  Further, any delays should not be significant as Ms. Goss has already been actively participating in the discovery process and is familiar with the claims and issues underlying this lawsuit, as well as her alleged involvement in those issues.  Finally, as the factual allegations underlying the proposed counts for discrimination on the basis of national origin were contained in the original Complaint, the Court finds that the Defendants will not be significantly prejudiced by the formal addition of those counts in the Amended Complaint.

Plaintiffs have also moved for sanctions against all defendants based on an allegation that Ms. Goss, an employee of Defendant, Mentor City School District "destroyed key evidence in this case."   The Court cannot determine at this juncture whether such sanctions are warranted on

this basis.   Sanctions, if appropriate, will be determined at the end of the litigation.

For the reasons set forth above, Plaintiffs' Motion to Amend the Complaint (ECF #16) is GRANTED.  Plaintiff's Motion for Sanctions is DENIED at this time, but may be re-filed if appropriate at the end of the litigation. (ECF #17).  Plaintiffs' Motion for Leave to File Reply Briefs Instanter on the above issues is GRANTED.  (ECF #29).    IT IS SO ORDERED.


      /s/ Donald C. Nugent
     Donald C. Nugent
     United Stated District Judge


Date:   August 4, 2011